KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALICIA M.B. FOWLER, State Bar No. 151518
Senior Assistant Attorney General
SUSAN E. SLAGER, State Bar No. 162942
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5471
 Fax: (916) 324-5567
 E-mail: Susan.Slager@doj.ca.gov
*Attorneys for Defendants California Commission on Teacher Credentialing, Dale Janssen, Mary Armstrong, Lee Pope, Christa Hill, Ani Kindall*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHLEEN CARROLL,** | 2:13-cv-00249-KJM-KJN |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| v. | |
| **STATE OF CALIFORNIA ACTING BY AND THROUGH THE CALIFORNIA COMMISSION ON TEACHER CREDENTIALING; DALE JANSSEN, in his individual capacity; MARY ARMSTRONG, in her individual capacity; LEE POPE, in his individual capacity; CHRISTA HILL, in her individual capacity; ANI KINDALL, in her individual capacity; and DOES 1 through 10, inclusive,** | Trial Date:    TBA<br>Action Filed:  November 14, 2012 |
| Defendants. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order (hereinafter "Order"). The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm.

1

2. The documents eligible for protection under this order include:

   A. Educational information regarding any third party, including but not limited to, student and school district records. Production of such documents would violate a third party's right to privacy.

   B. Non-public records regarding credential discipline matters and process, except for credential matters in which the credential applicant or holder has expressly waived his or her right to privacy.

   C. A third party's personnel file or documents relating to the employment of third parties. Production of such documents would violate a third party's right to privacy.

   D. The investigative reports prepared by Elizabeth Ison.

   E. Witness Interview Transcripts from the investigation conducted by Elizabeth Ison.

3. By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4. Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL".

5. Documents designated as "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to (1) the parties; (2) counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel and independent office services vendors hired by such counsel); (3) any expert retained for consultation and/or trial; (4) the court and its personnel; (5) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; (6) during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and (7) the

author or recipient of a document containing the information.  In the event that Confidential Material is given to a person identified in section (3), (5), or (6), said person must sign a copy of this Order with the Confidential Material and return the documents at the termination of the litigation at the request of other parties' counsel.

7. The Confidential Material produced pursuant to this Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial account numbers; and (iv) in all circumstances when federal law requires redaction.  Each redaction must be identified in accordance with Eastern District Local Rule 140.

8. If a party would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties. All parties shall comply with the requirements of Eastern District Local Rule 141, in the event that a party would like Confidential Material to be sealed.  In lieu of seeking a motion to seal, the parties may agree to redact identifying information relating to any third party.

9. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action.  In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

11. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

////

12. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 (one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

Dated: September 9, 2013          SIEGEL & YEE

                                  By:  /s/Dean Royer
                                       Dean Royer
                                       Attorneys for Plaintiff
                                       Kathleen Carroll

Dated: September 9, 2013          ATTORNEY GENERAL OF CALIFORNIA

                                  By:  /s/ Susan E. Slager
                                       Susan E. Slager
                                       Attorneys for Defendants
                                       California Commission on Teacher
                                       Credentialing, Dale Janssen, Mary
                                       Armstrong, Lee Pope, Crista Hill,
                                       Ani Kindall

////

////

The undersigned has considered the stipulated protective order filed and signed by all parties on September 9, 2013.  The court approves the parties' stipulation, except that the court will not retain jurisdiction over the stipulated protective order and related disputes after termination of the action.  Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  E.D. Cal. L.R. 141.1(f).

**IT IS SO ORDERED.**

Dated:  September 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE