IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

KATHLEEN CARROLL,

        Plaintiff,

    vs.

STATE OF CALIFORNIA acting by and through the California Commission on Teacher Credentialing; DALE JANSSEN, in his individual capacity; MARY ARMSTRONG, in her individual capacity; LEE POPE, in his individual capacity; CHRISTA HILL in her individual capacity; ANI KINDALL, in her individual capacity; et al.,

        Defendants.

No. 2:13-cv-00249-KJM-KJN

<u>ORDER</u>

/

        Defendants' motions to dismiss (ECF 32) and to strike (ECF 33) are before the court. Defendants in this action are the California Commission on Teacher Credentialing ("CTC"), Dale Janssen, Mary Armstrong, Lee Pope, Christa Hill, and Ani Kindall (collectively, "defendants"). Plaintiff alleges she was terminated from her position as a staff attorney with the CTC in violation of the First Amendment and California whistleblower statutes. For the

reasons below, the court GRANTS in part defendants' motion to dismiss, REMANDS this case, and DENIES defendants' motion to strike as moot.

I.  ALLEGED FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a licensed California attorney who worked as a staff counsel for defendant CTC. (FAC ¶ 11, Ex. A, ECF 29.) The CTC "is a regulatory agency that serves as a state standards board for educator preparation for the public schools of California, the licensing and credentialing of professional educators, the enforcement of professional practices of educators, and the discipline of credential holders and applicants for credentials in the State of California." (*Id.* ¶ 12.) A Committee on Credentials ("Committee"), comprised of seven citizens and appointed by the nineteen-member CTC Commission ("Commission"), reviews disciplinary allegations against credential holders and applicants and recommends to the full Commission "a particular adverse action" when warranted. (*Id.*)

Plaintiff alleges she disclosed improper activities by the CTC and its employees, both internally to CTC supervisors and externally to the Bureau of State Auditing ("BSA") and Senate Pro Tem Steinberg's office. (*Id.* ¶ 16-29.) In particular, plaintiff alleges she disclosed problems with the CTC's processing of disciplinary cases. (*Id.* ¶ 17-22.) In retaliation for these disclosures, defendants unlawfully terminated plaintiff's employment. (*Id.* ¶ 27.)

Plaintiff sought administrative relief in the wake of her termination. On or about November 29, 2010, plaintiff timely appealed her termination to the State Personnel Board ("SPB"). (*Id.* ¶ 30.) On about March 28, 2011, plaintiff filed a Whistleblower Retaliation Complaint with the SPB under California Government Code § 8547 *et seq.* and 19683 and California Code of Regulations, Title 2, § 67.1 *et seq.* (*Id.*) These two cases were consolidated and heard before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued a proposed decision denying plaintiff's appeal on April 16, 2012, and the SPB adopted the proposed decision on May 7, 2012. (*Id.*)

After receiving the SPB's adverse decision, plaintiff filed her original complaint on November 14, 2012 in Sacramento County Superior Court pleading three causes of action: (1) violation of the California Whistleblower Protection Act ("CWPA"), California Government

1  Code § 8547 *et seq.*, against defendant CTC; (2) violation of California Labor Code § 1102.5
2  against defendant CTC; and (3) violation of her First Amendment Rights under 42 U.S.C. § 1983
3  against the individual defendants. Defendants removed the action to this court on February 8,
4  2013 (ECF 13) and moved to dismiss for the first time on February 15, 2013 (ECF 6). The
5  court granted in part and denied in part this motion. (ECF 27). Plaintiff filed her first amended
6  complaint on September 6, 2013, alleging these same three causes of action based upon
7  substantially similar facts. (ECF 29.) Defendants filed the instant motions to dismiss and
8  strike on September 19, 2013. (ECFs 32, 33.) Plaintiff opposed on October 11, 2013 (ECFs
9  34, 35) and defendants replied on October 18, 2013 (ECFs 37, 38.)

10 II.   STANDARD

11       While defendants brought the instant motion to dismiss under Rules 12(b)(1)
12 and 12(b)(6), the court reaches only their 12(b)(6) arguments and therefore does not recite the
13 standard applicable to a Rule 12(b)(1) motion.

14       Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move
15 to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court
16 may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts
17 alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
18 (9th Cir. 1990).

19       Although a complaint need contain only "a short and plain statement of the claim
20 showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a
21 motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to
22 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
23 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include
24 something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "labels
25 and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting
26 *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss
27 for failure to state a claim is a "context-specific task that requires the reviewing court to draw on
28 its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the

1  interplay between the factual allegations of the complaint and the dispositive issues of law in
2  the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).
3  In making this context-specific evaluation, this court "must presume all factual
4  allegations of the complaint to be true and draw all reasonable inferences in favor of the
5  nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). This rule
6  does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*,
7  478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict
8  matters properly subject to judicial notice," or to material attached to or incorporated by
9  reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
10 2001). A court's consideration of documents attached to a complaint or incorporated by
11 reference or matter of judicial notice will not convert a motion to dismiss into a motion for
12 summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).
13 III.     ANALYSIS
14 In their motion to dismiss, defendants argue all three of plaintiff's current claims
15 must be dismissed because she has already litigated them before an ALJ and received an
16 adverse decision. (ECF 32-1 at 1.) Defendants assert that the ALJ's quasi-judicial
17 determination that plaintiff's claims are meritless precludes plaintiff from pursuing those same
18 claims in federal court, under the doctrines of collateral estoppel and res judicata. (*Id.*)
19 Further, defendants contend plaintiff's section 1983 First Amendment claim must be dismissed
20 for the additional reason that plaintiff's speech was made pursuant to her official duties and/or
21 her speech was not a matter of public concern. (*Id.*) Finally, plaintiff's California Labor Code §
22 1102.5 claim must be dismissed, defendants maintain, for the additional reason that plaintiff
23 has not exhausted the required administrative remedies. (*Id.*)
24 The court finds below that plaintiff's section 1983 claim is barred by res judicata.
25 Because the court declines to exercise supplemental jurisdiction over plaintiff's remaining state
26 law claims, the court does not reach the balance of defendants' arguments.
27 /////
28 /////

4

A.     First Amendment Retaliation under Section 1983

Defendants claim plaintiff's section 1983 claim must be dismissed on grounds of res judicata and collateral estoppel. (ECF 32-1 at 8.) After plaintiff filed her whistleblower complaint and appealed her termination, an administrative law judge ("ALJ") issued a decision denying plaintiff's claim that she was terminated in retaliation for reporting a backlog of cases within the CTC to Senator Steinberg's office and to the BSA. (*Id.*) Defendants argue plaintiff was not then free to ignore this determination, abandon the administrative process and file an original action in court; rather, she was required to seek a writ of mandate within one year to overturn the SPB decision. (*Id.*) Because plaintiff did not seek a writ to overturn the SPB's decision, that decision has issue and claim preclusive effect, defendants assert. (*Id.* at 8-9 (citing *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994)).) Finally, because the issues and claims litigated before the SPB are the same as those raised in plaintiff's 1983 claim in the instant case, defendants argue plaintiff's claim must be dismissed. (*Id.* at 9-10 (citing *Kessler v. Bishop*, No. C 08-5554 PJH, 2011 WL 4635117 (N.D. Cal. Oct. 5, 2011); *Hines v. Cal. Pub. Utils. Comm'n*, No. C 07-4145 CW, 2008 WL 2631361 (N.D. Cal. Jun. 30, 2008)).)

Plaintiff does not dispute that the SPB's adverse decision as to her whistleblower complaint can as a matter of federal law have preclusive effect here. Plaintiff simply argues that the issues and claims before the SPB are distinct from those at issue in her section 1983 claim and thus the SPB decision has no preclusive effect. (ECF 35 at 9-12.) Plaintiff maintains that the SPB's finding that her protected activities were not a motivating factor for the CTC's adverse actions is not preclusive because protected activities under section 1983 are distinct from protected activities under the CWPA. (*Id.* at 10-11.)

Plaintiff also attempts to distinguish *Hines* and *Kessler*. *Hines* is inapposite, plaintiff insists, because there the SPB found the plaintiff had not suffered an adverse employment action. (*Id.* at 10.) Here, in contrast, the purported "identical issue is the causation element," plaintiff contends. (*Id.*) *Kessler* is distinguishable because the court there accepted the administrative finding that the plaintiff's disclosures were not a contributing factor

5

1  to the adverse action, without considering the different standards that apply to protected activity
2  under the Government Code as compared to a section 1983 claim. (*Id.* at 11.)

3        Defendants reply that the fact that different standards apply to protected
4  activities in determining a section 1983 claim does not alter the fact that the SPB determined
5  plaintiff was not terminated for her disclosures. (ECF 37 at 5.) The ALJ reached three legal
6  conclusions that sink plaintiff's claim here, defendants contend: (1) "[c]lear and convincing
7  evidence demonstrated that [the CTC] had reasons unrelated to [plaintiff's] disclosures to
8  dismiss her"; (2) "[plaintiff] did not prove that her disclosures were a contributing factor for the
9  adverse decisions taken"; and (3) "[plaintiff] failed to meet her burden of proof with regard to her
10 whistleblower complaint." (*Id.* (quoting Defs.' Request for Judicial Notice, Ex. 2 at 52, 53, 70,
11 ECF 32-3).)

12       Title 28 of the United States Code section 1738 requires federal courts to give
13 state court judgments the same preclusive effect they would be given in the state in which they
14 were rendered. *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). While
15 section 1738 does not govern unreviewed decisions of a state administrative agency, courts
16 considering section 1983 claims as a matter of federal common law extend preclusive effect "to
17 state administrative adjudications of legal as well as factual issues, even if unreviewed, so long
18 as the state proceeding satisfies the requirements of fairness outlined in *United States v. Utah*
19 *Construction & Mining Co.*, 384 U.S. 394, 422 (1966)." *Miller*, 39 F.3d at 1032-33 (internal
20 quotations and citations omitted). The *Utah Construction* fairness requirements are: "(1) that the
21 administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of
22 fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Id.*
23 (citing *Utah Construction*, 384 U.S. at 422).

24       There is no dispute about whether the SPB's adjudication at issue here meets the
25 *Utah Construction* requirements, nor whether a California court would grant the SPB's decision
26 preclusive effect. *See Peterson v. State of Cal. Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092,
27 1106-07 (E.D. Cal. 2006) (citing, *inter alia*, *McInnes v. State of Cal.*, 943 F.2d 1088, 1094 (9th
28 Cir. 1991) (reviewing whether a SPB determination qualifies as a "judgment of a state court"

1 for preclusive purposes under Title VII); finding an SPB decision meets the *Utah Construction*
2 requirements).  Accordingly, the only question before the court is what preclusive effect, if any,
3 the SPB decision has under California law on plaintiff's section 1983 claim.

        1.     Res Judicata

"The doctrine of res judicata rests upon the ground that the party to be affected . . . has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent." *Roos v. Red*, 130 Cal. App. 4th 870, 879 (2005) (quoting *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)).  In California, res judicata precludes a person from litigating a claim if three prongs are met: (1) "the claim relates to the same 'primary right' as a claim in a prior action"; (2) "the prior judgment was final and on the merits"; and (3) "the plaintiff was a party or in privity with a party in the prior action." *Trujillo v. Cnty. of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985).  Regarding the first prong, "[i]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (citing *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).  Furthermore, "[a] final judgment is on the merits for the purposes of res judicata 'if the substance of the claim is tried and determined . . . .'" *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (quoting 7 WITKIN, CAL. PROC., *Judgment* § 313 (4th ed. 1997)).

In *Kessler v. Bishop*, the court held that the plaintiff's section 1983 First Amendment retaliation claim was barred by res judicata because the plaintiff had already asserted the same primary right in his whistleblower complaint before an administrative tribunal.  2011 WL 4635117, at *12–14.  Plaintiff in that case, a public employee, had raised four claims at the administrative level—violation of California Government Code §§ 8547.10 and 12653(b), Labor Code § 1102.5, and termination in violation of public policy—each asserting

7

1  retaliatory or unlawful termination. *Id.* at *13. The court in *Kessler* applied essentially the
2  same factors, albeit without express reliance on *Trujillo*, and reasoned:

> Kessler's claims in both proceedings "involve the same injury to the plaintiff and the same wrong by the defendant," that is, that plaintiff was wrongfully terminated from his position as Dean and Vice Chancellor in retaliation for his statements about the School's alleged financial discrepancies. Although Kessler pleads a different theory of recovery under the First Amendment here, this action involves the same "primary right" to protected speech, violation of defendants' duty not to retaliate against its employees, and the same harm that he alleged to have suffered in his grievance proceeding based on his statements protected under the Whistleblower Act.

*Id.* (citations omitted). The court found the plaintiff's section 1983 claim did not present a "separate injury from that litigated during the administrative proceeding; instead, plaintiff was merely "restating his whistleblower grievance in constitutional terms." *Id.*

      2.     Application

The court finds plaintiff's section 1983 claim is barred by res judicata because *Trujillo*'s three prongs are met here. First, plaintiff's whistleblower complaint before the SPB involved the same primary right. *Trujillo*, 775 F.2d at 1366. As did the plaintiff in *Kessler*, plaintiff here alleged the same injury and the same wrong by defendants in her whistleblower complaint before the SPB that she does in her section 1983 claim before this court: that plaintiff was wrongfully terminated in retaliation for her disclosures about the CTC's processing of disciplinary cases. (*Compare* FAC ¶ 38 *with* ALJ's Proposed Decision, Ex. 2 at 41, ECF 32-3.)[1] *See Kessler*, 2011 WL 4635117, at *12–14.

Plaintiff's contention that protected activities under section 1983 are distinct from protected activities under the CWPA appears to be an argument that the primary rights at issue in the two actions are distinct. In support, plaintiff notes that the injury she alleged in her

---

[1] A court may take judicial notice of matters in the public record, including decisions and reports of administrative bodies, without converting a motion to dismiss into a motion for summary judgment. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991).

whistleblower complaint is slightly but meaningfully different from that alleged in her section 1983 claim (ECF 35 at 10), in which she states she was wrongfully terminated in retaliation for disclosures "addressing issues of public concern in her capacity as a private citizen." (FAC ¶ 38.) In other words, plaintiff suggests she did not base and could not have based her whistleblower complaint on her disclosures made in her private capacity, because the CWPA recognizes as protected only those activities "undertaken in the performance of the employee's official duties." (Ex. 2 at 42, ECF 32-3.) *See* CAL. GOV'T CODE § 8547.2(c).

Plaintiff's argument is unavailing. Nothing impeded plaintiff from raising her First Amendment civil rights claim in her action before the SPB, because the SPB considered not only her whistleblower complaint but also her appeal from her allegedly retaliatory termination. (*See* Ex. 2 at 2-3.) This case is similar to *Miller*, 39 F.3d at 1032, in which a former sheriff's department employee contested his dismissal for disciplinary reasons before a civil service commission. The commission held a public evidentiary hearing at which the plaintiff was represented by counsel and was permitted to present evidence and call witnesses. *Id.* After the commission rejected his claim, the plaintiff filed suit in federal court under section 1983 instead of pursuing mandamus in state court. *Id.* The Ninth Circuit upheld the district court's application of res judicata to plaintiff's section 1983 claim, reasoning:

> There can be no justification for plaintiff's position that she should be permitted to fail to assert at the administrative hearing constitutional and civil rights violations as reasons that made her termination wrongful, fail to prevail on the writ without attempting to urge or to bring before the court those reasons, and then be allowed to recover damages in this consolidated action that resulted from termination of her employment alleged to be wrongful based on those same reasons.

39 F.3d at 1034 (quoting *Swartzendruber v. City of San Diego*, 3 Cal. App. 4th 896, 909 (1992), *overruled on other grounds by Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 72 (2000)). As the plaintiff did in *Kessler*, plaintiff here has simply restated her wrongful termination contentions in constitutional terms. *Kessler*, 2011 WL 4635117, at *13; *see also Miller*, 39 F.3d at 1034. Plaintiff has "had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the

harassment and vexation of his opponent." *Roos v. Red*, 130 Cal. App. 4th at 879. Because plaintiff's whistleblower complaint before the SPB involved the same primary right as her section 1983 claim in the instant case, *Trujillo*'s first prong is met.

*Trujillo*'s second and third prongs are also met here. As to the second prong, the SPB's decision, which adopted the ALJ's reasoned and thorough findings, is a final decision on the merits because the substance of plaintiff's whistleblower claim was tried and determined. *See Johnson*, 24 Cal. 4th at 77. Additionally, the SPB made its final decision on May 7, 2012 (FAC ¶ 30); plaintiff does not dispute that she had a one-year window to challenge this decision through a writ and that this window has closed. *See* CAL. GOV'T CODE § 19630. As to the third prong, plaintiff herself was involved in the action before the SPB. *See Trujillo*, 775 F.2d at 1366. Even though individual defendants Kindall, Hill and Janssen in the instant suit were not parties to the administrative action before the SPB (Ex. 2 at 1, ECF 32-3), and the CTC is not named in plaintiff's section 1983 claim, the preclusive effect of the SPB action extends to all of the individual defendants. *See Miller*, 39 F.3d at 1038 (preclusive effect of administrative action against the Civil Service Commission extends to individual defendants named in subsequent section 1983 suit).

Res judicata bars plaintiff from pursuing her section 1983 claim, which the court dismisses with prejudice.

B.  Supplemental Jurisdiction

This court has federal question jurisdiction over plaintiff's section 1983 claim under 28 U.S.C. § 1331[2] and § 1343.[3] (FAC ¶ 3.) The court has supplemental jurisdiction over

---

[2] This section provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] 28 U.S.C. § 1343(a)(4) grants federal courts original jurisdiction in civil actions "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

plaintiff's state law claims under 28 U.S.C. § 1367.[4]  Because the court has dismissed with prejudice plaintiff's sole federal claim, only state law claims remain.

"A federal district court with power to hear state law claims has discretion to keep, or decline to keep, [the state law claims] under the conditions set out in [28 U.S.C.] § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000, *as supplemented by* 121 F.3d 714 (9th Cir. 1997).  One such condition is when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

IV.     CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (ECF 32) is GRANTED in part.  This case is REMANDED to state court.  Defendants' motion to strike (ECF 33) is DENIED as moot.

All pending dates are VACATED; this case is CLOSED.

IT IS SO ORDERED.

DATED: November 27, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1367(a) reads in relevant part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."